UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:

SEXTANT STAYS, INC d/b/a ROAMI.              Case No. 25-15908-RAM

Debtor.                                       Chapter 11
_____/

**DEBTOR'S EMERGENCY MOTION FOR INTERIM AND FINAL ORDERS
DETERMINING ADEQUATE ASSURANCE OF PAYMENT
FOR FUTURE UTILITY SERVICES**

**Basis for Emergency Relief**

> The above-captioned debtor and debtor-in-possession (the "Debtor") requests an emergency hearing in this matter, on or before June 26, 2025 to ensure that Debtor is able to meet its obligation to utility service providers pursuant to 11. U.S.C. §366. It is of critical importance that the Debtor furnishes adequate assurance of payment of utilities to continue to operate its vacation rental and property management business operations. Absent such assurance, the utilities may alter, refuse or discontinue service, which would restrict the Debtor from providing short term vacation rentals, continuing its operations and would negatively impact the value of its assets. The Debtor respectfully request that the Court waive the provisions of Rule 9075-1(B) of the Local Rules for the United States Bankruptcy Court for the Southern District of Florida, which require an affirmative statement that a *bona fide* effort was made in order to resolve the issues raised in this motion, as the relief requested herein is urgent in nature and does not lend itself to advance resolution.

Sextant Stays, Inc. d/b/a Roami, the Chapter 11 debtor and debtor-in-possession herein (the "Debtor"), by and through undersigned counsel, pursuant to 11 U.S.C. §§ 105 and 366, and Local Rule 9013-1(L) files this motion determining adequate assurance of payment for future utility services (the "Motion"). In support of the Motion, the Debtor respectfully represent as follows:

**Background**

1.      On May 27, 2025 (the "Petition Date"), the Debtor filed its voluntary petition in

this Court for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). Since that time, the Debtor has operated as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

2. On June 2, 2025, the *Debtor's Emergency Motion for Authorization to Use Cash Collateral on an Interim and Final Basis* [ECF No. 28] (the "Cash Collateral Motion") was filed.

3. On June 4, 2025, the Debtor filed the *Declaration of Andreas King Geovanis in Support of First Day Motions* [ECF No. 36] (the "AKG Declaration").

4. On June 6, 2025, the Debtor filed its *Chapter 11 Case Management Summary* [ECF No. 43] (the "Case Management Summary").

5. The Debtor is a management company that provides short term vacation rentals throughout South Florida, New Orleans, and other locations.

6. The Debtor operates its businesses by either entering into management agreements with real property owners or entering into rental agreements as a tenant with real property owners. Both agreement types permit the Debtor to make the unit available to short term rental occupants.

7. A more detailed description of the Debtor's business and operations, and the events leading to the commencement of this chapter 11 case, is provided in the AKG Declaration and the Case Management Summary.

8. The Debtor's business operations require the continued operation of utility services, including water, electric, gas, waste removal services, internet, cable and phone (the "Utility Services").

**Relief Requested**

9. By this Motion, the Debtor seeks the entry of an order (the "Order") determining the Debtor has made adequate assurance of payment for utilities pursuant to Section 366 of the

Bankruptcy Code.

10. The Debtor requires the use of all Utility Services to operate its short term vacation rental and property management business

11. The Utility Services are provided by the following;

    a. Sewerage and Water Board of New Orleans;
    b. City of Miami Beach;
    c. Miami Dade Water and Sewer;
    d. City of North Bay Village;
    e. City of North Miami Beach;
    f. Choice Waste of Florida, Inc.;
    g. Coastal Waste & Recycling, Inc.;
    h. IV Waste LLC;
    i. River Parish Disposal, LLC;
    j. Waste Management;
    k. Waste Connections;
    l. World One Incorporated;
    m. Ace Gen Hauling LLC;
    n. Uniti Group Inc.;
    o. Uniti Fiber LLC;
    p. Breezeline fka Atlantic Broadband;
    q. AT &T Inc.;
    r. Comcast Corporation;
    s. Cox Communications;
    t. Entergy;
    u. Florida Power & Light; and
    v. Tampa Electric Company

(collectively, "Utility Providers").

12. The Debtor's obligation to pay these Utility Services varies depending on whether the property is managed by the Debtor through a management agreement or leased by the Debtor through a rental agreement.

13. The Utility Services are either paid by the Debtor, paid by the real property owner, or are a shared operating expense of both the Debtor and the real property owner.

14. Pursuant to Section 366(a) of the Bankruptcy Code, a utility company is prevented from discontinuing, altering, or refusing service to a debtor on the basis of the commencement of a bankruptcy case or for an outstanding pre-petition debt. 11 U.S.C. § 366(c)(2).

15. Under a chapter 11 bankruptcy case, if the utility company does not receive an adequate assurance of payment that is satisfactory to the utility during the thirty (30) day period following the Petition Date, the utility company is permitted to alter, refuse, or discontinue services. *See* 11 U.S.C. § 366(c)(2).

16. "For purposes of [Section 366], the term 'assurance of payment' means –

   (i) a cash deposit;
   (ii) a letter of credit;
   (iii) a certificate of deposit;
   (iv) a surety bond;
   (v) a prepayment of utility consumption; or
   (vi) another form of security that is mutually agreed on between the utility and the debtor or the trustee."

11 U.S.C. § 366(c)(1).

17. The Debtor fully intends to pay all post-petition obligations owed to the Utility Providers in the ordinary course of business and in compliance with the Debtor's budget filed in connection with the Cash Collateral Motion.

18. The majority of the Debtor's utility accounts are enrolled in an automatic payment system ("Auto Pay") to ensure that its obligations to these Utility Providers are paid before the monthly balance is due.

19. By setting up Auto Pay for the Debtor's utility accounts, the Utility Providers are assured that a fixed amount will be paid by the Debtor each billing period for any post-petition Utility Services.

20. The Debtor's ability to pay future utility services in the ordinary course of business is evidenced by the Debtor's budget submitted in connection with the Cash Collateral Motion.

21. Debtor's budget, and any future budgets, related to the Debtor's use of cash collateral provide a line item for the continued payment of all post-petition utilities.

22. The Debtor's promise and ability to make future payments consistent with the Debtor's use of cash collateral coupled with the Debtor's enrollment in the automatic payment system constitutes sufficient adequate assurance to the Utility Providers (the "Proposed Adequate Assurance").

23. The Debtor believes that the Proposed Adequate Assurance is in the best interest of the Utility Providers, the bankruptcy estate and the ongoing operations of the Debtor's business.

24. The Utility Providers shall refrain from discontinuing, altering, or refusing services on account of unpaid pre-petition charges, or require addition adequate assurance of payment, other than the Proposed Adequate Assurance, pending the entry of the Order.

25. The Debtor has made an extensive and good faith effort to identify the Utility Providers and include them on the Utility Service List attached to this Motion as Exhibit A. Nonetheless, it is possible that certain Utility Providers have not yet been identified by Debtor or included on the Utility Service List. To the extent that the Debtor identifies additional Utility Providers, the Debtor will file an amended Utility Service List and shall service copies of the Order on such newly-identified Utility Providers. The Debtor requests that the Order be binding on all Utility Providers, regardless of when such Utility Provider was added to the Utility Service List.

WHEREFORE, the Debtor respectfully request that the Court enter an Order: (i) determining that the Utility Providers have been provided with adequate assurance of payment within the meaning of Section 366 of the Bankruptcy Code; (ii) approving the Proposed Adequate

Assurance; (iii) prohibiting the Utility Providers from altering, refusing, or discontinuing services on account of outstanding pre-petition balances owed by the Debtor; (iv) prohibiting the Utility Providers from imposing any additional post-petition deposit; (v) determining that the Debtor is not required to provide any additional adequate assurance beyond what is proposed by this Motion; and (vi) grant the Debtor such other and further relief as the Court may deem proper.

> **EDELBOIM LIEBERMAN PLLC**
> *Counsel for the Debtor*
> 2875 NE 191st St., Penthouse One
> Miami, FL 33180
> Telephone: (305) 768-9909
> Facsimile: (305) 928-1114
> Email: brett@elrolaw.com
> Email: olivia@elrolaw.com
>
> By: */s/ Olivia A. Webb*
> Brett D. Lieberman (FBN 69583)
> Olivia A. Webb (FBN 1050437)

## CERTIFICATE OF SERVICE

I HEREBY certify that a true and correct copy of the foregoing was served on June 20, 2025 by Notice of Electronic Filing to all parties registered to receive electronic notification via CM/ECF notification (which is incorporated herein by reference) and via US Mail to the parties listed in the attached utility service list.

/s/Olivia A. Webb
Olivia A. Webb (FBN 1050437)

**Exhibit A**
**Utility Service List**

- Ace Gen Hauling
  3901 SW 109th Ave, Apt A7
  Miami, FL 33165

- AT&T
  P.O. Box 5014
  Carol Stream, IL 60197

- Atlantic Broadband / Breezeline
  2 Batterymarch Park
  Quincy, MA 02169

- Choice Waste of Florida, Inc
  1931 NW 33rd Ct
  Pompano Beach, FL 33064

- City Of Miami Beach
  1700 Convention Ctr Dr.
  Miami Beach, FL 33139

- Comcast
  P.O. Box 70219
  Philadelphia, PA 19176-0219

- COX
  P.O. Box 53249
  Phoenix, AZ 85072

- Entergy
  P.O. Box 8108
  Baton Rouge, LA 70891

- FPL
  P.O. Box 025576
  Miami, FL 33102

- North Bay Village
  1666 Kennedy Causeway Suite 101
  North Bay Village, FL 33141

- North Miami Beach
  17011 NE 19th Avenue
  North Miami Beach, FL 33162

- River Parish Disposal, LLC
  7201 Airline Dr
  Metairie, LA 70003

- Sewerage and Water Board of New Orleans
  625 Saint Joseph Street
  New Orleans, LA 70165

- Uniti
  106 Metairie Lawn Dr
  Metairie, LA 70001

- Waste Management
  800 Capitol St, Suite 3000
  Houston, TX 77002